# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| RANDAL MAUDERER, | |
| Plaintiff, | No. C16-0066-LRR |
| vs. | |
| IOWA DEPARTMENT OF CORRECTIONS, ANAMOSA STATE PENITENTIARY, LIEUTENANT MILLS, UNNAMED CORRECTIONAL OFFICER, WILLIAM SPERFSLAGE, MAJOR NEMMERS, SERGEANT PHILLIPS, CINDY WOHLMUT, LARY NELSON CENTER, RYAN CLEMMENS, DAMON, MICHELLE REESE, | **ORDER** |
| Defendants. | |

This matter is before the court on the plaintiff's motion to dismiss complaint or permit amendment of complaint (docket no. 16), which the clerk's office filed on February 27, 2017, and response to the court's order (docket no. 17), which the clerk's office filed on March 27, 2017.

In his motion to dismiss, the plaintiff acknowledges the Eighth Circuit Court of Appeals' remand and explains that, in exchange for his filing fee being refunded, he is willing to voluntarily dismiss this case. In the event that the filing fee will not be refunded, then the plaintiff asks for permission to file an amended complaint because no initial review has been conducted. Additionally, in his response to the court's order which directed him to either pay the $400.00 filing fee or submit a proper application to proceed in forma pauperis, the plaintiff states that he does not understand the purpose of the court's

order because he has already been granted in forma pauperis status and the filing fee has already been paid in full.

The plaintiff misstates what occurred in this case. On May 5, 2016, the plaintiff submitted a motion to specify payment of filing fee, in which he: (1) indicated that he had someone on the outside of prison that was going to pay the filing fee because he had multiple 20% deductions on his prison account and (2) asked what the filing fee was so it could be paid in full. On May 26, 2016, the court directed the plaintiff to submit the $400.00 filing fee. Because he did not comply with the court's order by submiting the filing fee by the deadline that the court set, the clerk's office dismissed the plaintiff's case. After complaining that he did not have sufficient time to submit the filing fee or an application to proceed in forma pauperis, the court explained that the plaintiff did not take the proper action and maintained that dismissal was appropriate. The plaintiff appealed, and, on February 7, 2017, the Eighth Circuit Court of Appeals reversed the dismissal of the plaintiff's action and instructed the court to give the plaintiff sufficient time to pay the filing fee or renew his motion for leave to proceed in forma pauperis. The court did so on February 21, 2017. More specifically, it stated:

> The plaintiff is directed to either pay the $400.00 filing fee or submit a proper application to proceed in forma pauperis by no later than March 21, 2017. An application to proceed in forma pauperis must include an affidavit that includes a statement of all the assets the person possesses and a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. If the plaintiff needs more time to comply with the court's directive to either pay the $400.00 filing fee or submit a proper application to proceed in forma pauperis, he may file a motion for extension of time.

In addition, the court warned the plaintiff that his case could be dismissed for failing to respond to the court's directives. Hence, since May of 2006, this case and appellate

2

proceedings have only addressed the plaintiff's submission of the filing fee or a proper application to proceed in forma pauperis.

Rather than do what the court instructed him to do in its February 21, 2017 order, the plaintiff asked the court to refund the fees that are associated with an entirely separate case, that is, *Mauderer v. Iowa Department of Corrections, et al.*, Case # 1:14-cv-00052 (N.D. Iowa 2016). Given the plaintiff's wilful refusal to comply with the court's repeated directives and his current position that he does not want to pursue this litigation if he can get his fees back in relation to a case that he unsuccessfully litigated at the trial level and appellate level, the court finds that the plaintiff is merely in the position of having to weigh the merits of his current case against the additional financial constraints that he will face. The plaintiff clearly recognizes that he commenced another action because he acknowledges that his complaint has not been screened under 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.[1] In addition, it is not the court's responsibility to make sure that the plaintiff properly manages and understands what is occurring in his cases. The plaintiff is no stranger to litigating in federal court, and, despite previously having his case dismissed for failing to comply with a court directive and being warned that his case could be dismissed if he again failed to comply with the court's directives, the plaintiff once again elected to ignore the court's directives. Accordingly, the plaintiff's case is again dismissed for failing to respond to an order of the court. The plaintiff's motion to dismiss

---

[1] The court notes that it would have no reason to conduct such screening because the plaintiff never properly commenced an action by either submitting the filing fee or submitting an application to proceed in forma pauperis.

complaint or permit amendment of complaint is denied as moot.

**DATED** this 3rd day of April, 2017.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

4

Case 1:16-cv-00066-LRR-KEM    Document 18    Filed 04/03/17    Page 4 of 4